985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Freddy Jose BRICENO-VICTOR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70623.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1993.*
Decided Feb. 3, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Aad-kco-dlq.
 BIA
 PETITION GRANTED.
 Before: ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Freddy Jose Briceno-Victor ("Briceno-Victor") applied for asylum in the United States or, alternatively, for withholding of deportation, contending that he would be persecuted if returned to Nicaragua. See 8 U.S.C. §§ 1158(a) & 1253(h). The immigration judge denied Briceno-Victor's request. On appeal, the Board of Immigration Appeals ("BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Briceno-Victor no longer had a well-founded fear of persecution in Nicaragua. The BIA denied his application based solely on the notice taken, and it ordered him deported.
 
 
 3
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the change in government in Nicaragua without providing Briceno-Victor an opportunity to show cause why notice should not be taken or to supplement the record by further evidence, we grant the petition for review.
 
 
 4
 In Castillo-Villagra, we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." Id. at 1029. We explicitly rejected the argument that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and to present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Briceno-Victor did not receive warning that administrative notice would be taken, nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.[1]
 
 
 5
 The petition for review is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Briceno-Victor suggests that the form of the BIA opinion violated due process. Although "[t]here are no steadfast rules regarding what constitutes an adequate Board decision," a BIA decision must include "statements that evidence an individualized review of the petitioner's contentions and circumstances." Castillo, 951 F.2d at 1121 (emphasis added). Because we reject the BIA's use of administrative notice, and notice was the ground for the decision, we need not reach the issue of whether the BIA decision satisfies the Castillo standard